IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CARL VANVLEET, on behalf of himself and similarly situated employees,<br>　　　　Plaintiff,<br>　　v.<br>MOUNTAIN ENERGY SERVICES, INC.,<br>　　　　Defendant. | CIVIL ACTION<br><br>ELECTRONICALLY FILED ON FEBRUARY 9, 2017<br><br>CLASS/COLLECTIVE ACTION |

## **COMPLAINT – CLASS/COLLECTIVE ACTION**

Plaintiff Carl VanVleet ("Plaintiff") brings this class/collective action lawsuit against Defendant Mountain Energy Services, Inc. ("Defendant"), seeking all available relief under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201, *et seq.*, and the Pennsylvania Minimum Wage Act ("PMWA"), 43 P.S. §§ 333.101, *et seq.* Plaintiff's FLSA claim is asserted as a collective action under 29 U.S.C. § 216(b), while his PMWA claim is asserted as a class action under Federal Rule of Civil Procedure 23. See Knepper v. Rite Aid Corp., 675 F.3d 249 (3d Cir. 2012) (FLSA collective action claims and Rule 23 class action claims may proceed together).

## **JURISDICTION AND VENUE**

1. Jurisdiction over the FLSA claim is proper under 29 U.S.C. § 216(b) and 28 U.S.C. § 1331.

2. Jurisdiction over the PMWA claim is proper under 28 U.S.C. § 1367.

3. Venue in this Court is proper under 28 U.S.C. § 1391.

## **PARTIES**

4. Plaintiff resides in Hector, NY.

5. Plaintiff is an employee covered by the FLSA and the PMWA.

6. Defendant is a corporate entity headquartered in Tunkhannock, PA (Wyoming County).

7. Defendant is an employer covered by the FLSA and the PMWA.

## **FACTS**

8. Defendant is in the business of providing various service to the natural gas industry in Pennsylvania and Ohio. The corporate website describes the business as follows:

> We provide round-the-clock service at every level and stage of wellsite operations, from construction through production and cleanup. We offer a full scale water management division with services that include water sourcing, fluid transportation, frac tank rentals and super heaters. Clean up and environmental services are provided by hi-vac units and site trucks.

9. During the three-year time period relevant to this lawsuit, Defendant has employed well over 100 employees who are paid on an hourly basis. These individuals will be referred to as "Hourly Employees."

10. Plaintiff works for Defendant as an Hourly Employee.

11. Defendant classifies Plaintiff and other Hourly Employees as eligible for overtime premium pay when they work over 40 hours per week.

12. This lawsuit challenges the method by which Defendant determines the overtime premium pay owed to Plaintiff and other Hourly Employees. In determining the overtime hours worked by an employee during a particular week, "the employer must total all the hours worked by the employee for him in that workweek (even though two or more unrelated job assignments may have been performed), and pay overtime compensation for each hour worked in excess of [40]." 29 C.F.R. § 778.103.

13. Defendant often violates the above rule in determining the overtime hours of Plaintiff and other Hourly Employees whose work hours are assigned to multiple payroll categories during a single week. For example, during the week ending January 17, 2016, Plaintiff was credited with working a total of 48.5 hours, consisting of: (i) 43.75 "Driver" hours; (ii) 2.25 "Non-Driving/Travel Time" hours; and (iii) 2.5 "Travel/Non-Driving Time-Drive" hours. Since Plaintiff's hours totaled 48.5, he should have received "time and one-half" overtime premium pay for 8.5 hours.[1] Defendant, however, only paid overtime for the 3.75 hours associated with

---

[1] Where, as in Plaintiff's case, the different categories of hours carry different hourly pay rates, the employer pays an hourly overtime rate that is based upon the weighted average of all rates paid. See 29 C.F.R. § 778.115.

the 43.75 "Driver" hours.  In other words, Defendant only pays the overtime premium when a *particular category* of hours crosses the 40-hour overtime threshold.  This approach – which is reflected in many of Plaintiff's pay stubs – is incorrect.

14. Defendant's failure to pay overtime premium compensation for all overtime hours has been undertaken willfully and with reckless disregard of clearly applicable FLSA provisions.

## **CLASS/COLLECTIVE ACTION ALLEGATIONS**

15. Plaintiff brings his FLSA claim as a collective action pursuant to 29 U.S.C. § 216(b) on behalf of all individuals who, during any week since February 9, 2014, have been employed by Defendant (or any affiliated business entity) and paid on an hourly basis.

16. Plaintiff's FLSA claim should proceed as a collective action because Plaintiff and other putative collective members, having worked pursuant to the common compensation policies described herein, are "similarly situated" as that term is defined in 29 U.S.C. § 216(b) and the associated decisional law.

17. Plaintiff brings his PMWA claim as a class action pursuant to Federal Rule of Civil Procedure 23 on behalf of all individuals who, during any week since February 9, 2014, have been employed by Defendant in

Pennsylvania sand paid on an hourly basis.

18. Class action treatment of Plaintiff's PMWA claim is appropriate because, as alleged below, all of Federal Rule of Civil Procedure 23's class action requisites are satisfied.

19. The class, upon information and belief, includes over 100 individuals, all of whom are readily ascertainable based on Defendant's payroll records and are so numerous that joinder of all class members is impracticable.

20. Plaintiff is a class member, his claims are typical of the claims of other class members, and he has no interests that are antagonistic to or in conflict with the interests of other class members.

21. Plaintiff and his lawyers will fairly and adequately represent the class members and their interests.

22. Questions of law and fact are common to all class members, because, *inter alia,* this action concerns Defendant's common compensation policies, as described herein. The legality of these policies will be determined through the application of generally applicable legal principles to common facts.

23. Class certification is appropriate under Federal Rule of Civil Procedure 23(b)(3) because common questions of law and fact predominate

over questions affecting only individual class members and because a class action is superior to other available methods for the fair and efficient adjudication of this litigation.

## COUNT I
### (Alleging FLSA Violations)

24. All previous paragraphs are incorporated as though fully set forth herein.

25. The FLSA requires that employees receive overtime premium compensation "not less than one and one-half times" their regular pay rate for hours worked over 40 per week. *See* 29 U.S.C. § 207(a)(1).

26. Defendant violated the FLSA by failing to pay Plaintiff and the FLSA collective overtime premium compensation for all hours worked over 40 per week.

27. In violating the FLSA, Defendant acted willfully and with reckless disregard of clearly applicable FLSA provisions and, as such, willfully violated the FLSA.

## COUNT II
### (Alleging PMWA Violations)

28. All previous paragraphs are incorporated as though fully set forth herein.

29. The PMWA requires that employees receive overtime premium

compensation "not less than one and one-half times" the employee's regular pay rate for hours worked over 40 per week. *See* 43 P.S. § 333.104(c).

30. Defendant violated the PMWA by failing to pay Plaintiff and the Rule 23 class members overtime premium compensation for all hours worked over 40 per week.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff, on behalf of himself and other members of the class/collective, seeks the following relief:

A. An order permitting this action to proceed as a collective and class action;

B. Prompt notice, pursuant to 29 U.S.C. § 216(b), of this litigation to all members of the FLSA collective informing them of this action and permitting them to join (or "opt-in" to) this action;

C. Unpaid overtime wages and prejudgment interest;

D. Liquidated damages to the fullest extent permitted under the FLSA;

E. Litigation costs, expenses, and attorneys' fees; and

F. Such other and further relief as the Court deems just and proper.

Date: February 9, 2017              Respectfully,

_____
Peter Winebrake
R. Andrew Santillo
Mark J. Gottesfeld
Winebrake & Santillo, LLC
715 Twining Road, Suite 211
Dresher, PA 19025
(215) 884-2491

*Plaintiffs' Counsel*